# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 3, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GENE HOWARD,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0993** (BOR Appeal No. 2048191)
              (Claim No. 2011039394)

**WEST VIRGINIA DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gene Howard, by William C. Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Division of Highways, by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 5, 2013, in which the Board affirmed a March 4, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's February 28, 2012, decision granting Mr. Howard a 3% permanent partial disability award and instead granted him no permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Howard, an operator, was injured on May 31, 2011, when a piece of equipment backed over his feet. The claim was held compensable for closed fracture of the left calcaneous; crushing injury to the left foot; and contusions, pain, and abrasion of the left foot. Sushil Sethi, M.D., found, in an independent medical evaluation on February 13, 2012, that Mr. Howard was at maximum medical improvement. He stated that there was minor left ankle impairment. He recorded fifteen degrees dorsiflexion, thirty degrees planar flexion, thirty degrees inversion, and fifteen degrees eversion for the left ankle. Using the American Medical Association's *Guides to*

1

*the Evaluation of Permanent Impairment*, (4th ed. 1993), Dr. Sethi opined that Mr. Howard sustained 3% whole person impairment. The claims administrator thereafter granted Mr. Howard a 3% permanent partial disability award.

Randall Short, D.O., performed a physician review on October 12, 2012. He found that Dr. Sethi's recommendation of 3% whole person impairment was made in error. Dr. Sethi's measurements indicate that Mr. Howard has no impairment under Table 42 of the American Medical Association's *Guides*. Dr. Short clarified that dorsiflexion is essentially extension of the foot at the ankle with the toes and foot being pointed toward the head as far as possible, and plantar flexion is the opposite with the toes being pointed downward. Therefore, Dr. Sethi's recorded measurement of dorsiflexion of fifteen degrees is normal and indicates no impairment.

The Office of Judges reversed the claims administrator's decision and granted Mr. Howard no permanent partial disability award in its March 4, 2013, Order. The Office of Judges found that the issue at bar is the interpretation of Table 42 of the American Medical Association's *Guides*. The most credible interpretation of Table 42 was determined to be that downward flexion or plantar flexion was measured at thirty degrees in Dr. Sethi's independent medical evaluation, which provides for no impairment. The dorsiflexion finding of fifteen degrees was also found to provide no impairment. Further, there was no whole person impairment found in either the inversion or eversion findings in accordance with Table 43 of the American Medical Association's *Guides*. The Office of Judges determined that it was possible Dr. Sethi made a mistake in recording dorsiflexion and plantar flexion and that is why he assessed 3% whole person impairment even though his measurements do not indicate impairment. However, the Office of Judges held that the assumption could not be made and that the plain meaning of Dr. Sethi's findings must take precedence over his recommendation, which is contrary to his measurements. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 5, 2013, decision.

On appeal, Mr. Howard asserts that the Office of Judges erred when it corrected Dr. Sethi's independent medical evaluation. Dr. Sethi stated that Mr. Howard had mild, 3% impairment for left ankle dorsiflexion based upon Table 42 of the American Medical Association's *Guides*. Mr. Howard argues that, though there is no mild category or motion of dorsiflexion in that table, Dr. Sethi was referring to plantar flexion. Mr. Howard notes that the finding of fifteen degrees is between the eleven degrees and twenty degrees of plantar flexion capability and is the only category with a 3% rating. The West Virginia Division of Highways argues the Office of Judges correctly applied the American Medical Association's *Guides* to Dr. Sethi's measurements, and the measurements do not support a finding of whole person impairment. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum